1

**ALEXANDER MORRISON + FEHR LLP**
Michael S. Morrison (State Bar No. 205320)

2

Jacqueline Gil (State Bar No. 324482)
1900 Avenue of the Stars, Suite 900

3

Los Angeles, CA 90067
T: (310) 394-0888

4

E: mmorrison@amfllp.com | jgil@amfllp.com

5

Attorneys for Plaintiffs TERRY ORTEGA and
GABRIELA ROCHA, individually and on behalf

6

of all others similarly situated

7

**UNITED STATES DISTRICT COURT**

8

**NORTHERN DISTRICT OF CALIFORNIA**

9

10

THERESA ORTEGA, an individual,
GABRIELA ROCHA, an individual, on

11

behalf of themselves, all others similarly
situated, and the general public,

12

Case No.

**CLASS ACTION COMPLAINT FOR
DAMAGES AND OTHER RELIEF**

13

Plaintiffs,

1) Violation of Federal Warn Act (29 USC
Section 2101 et seq.)

14

15

v.

2) Violation of Cal Warn Act (Cal Lab Code
Section 1400, et seq)
3) Cal. Labor Code Section 206

16

4) Cal. Labor Code Section 206.5
5) Cal. Labor Code Section 203

17

UNITEDHEALTH GROUP, INC., a
Corporation; OPTUM SERVICES, INC.,

6) Failure to Provide Accurate Wage
Statements (Cal. Lab. Code § 226)

18

a Corporation; OPTUM CARE, INC., a
Corporation; and DOES 1 through 10,

7) Declaratory Judgment Act, 28 U.S.C. §§
2201-02

19

inclusive,

8) Business and Professions code §§ 17200, et
seq.

20

Defendants.

**DEMAND FOR JURY TRIAL**

21

22

23

24

25

26

27

28

1

Plaintiffs THERESA ORTEGA and GABRIELA ROCHA (collectively "Plaintiffs"), as individuals and on behalf of themselves, all others similarly situated, and the general public, complain and allege on information and belief the following against UNITEDHEALTH GROUP, INC., a corporation, OPTUM SERVICES HEALTH, INC., a corporation, OPTUM CARE, INC., a corporation, and DOES 1-10 (Collectively "Defendants").

**INTRODUCTION**

1.      The federal and state Worker Adjustment and Retraining Notification (WARN) Acts require employers to give 60 days of written notice, or 60 days of pay in lieu of notice, before a mass layoff or plant closure.  The notice provisions of the WARN Act are designed to allow workers sufficient time and money to locate other employment before their termination. As former employees of Defendants, Plaintiffs are bringing this employment case because they were laid off as part of a countrywide mass layoff conducted by Defendants in August 2023. Plaintiffs and members of the Plaintiff Class (defined more fully below) are all former employees of Defendants who were informed they were being terminated without cause in August 2023.  Defendants, like so many other employers who have recently conducted similar mass layoffs, are attempting to skirt the requirements of the WARN Act and avoid their obligation to pay 60 days of wages to affected employees. Defendants have assumed that the state and federal WARN Acts do not apply to them despite laying off more than 1,000 workers nationwide and approximately 700 workers in California alone. Worse yet, without informing Plaintiffs and members of the Plaintiff Class of their WARN Act rights to 60 days of notice or pay in lieu of notice, Defendants have solicited releases from the Plaintiff Class, which provide less wages for many than the WARN Act notice requirements mandate. In essence, members of the Plaintiff Class have been fraudulently induced to accept severance pay packages that provide less than 60 days of wages.

2.      As part of this lawsuit, in addition to damages resulting from the lack of WARN notice and any applicable statutory or civil penalties, Plaintiffs seek preliminary and permanent injunctive relief, which will prevent Defendants from enforcing the releases and will make them void as a matter of law. Plaintiffs also intend to amend the complaint to assert violations of the PRIVATE ATTORNEY GENERAL ACT ("PAGA") once they have complied with the statute's

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL

administrative requirements.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper in this Court per 28 U.S.C. § 1331 and 29 U.S.C. § 2104(a)(5). This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts as Plaintiffs' federal claims.

4.      Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events and omissions giving rise to members of the Plaintiff Class's claims occurred in this District. Members of the Plaintiff Class worked in this District at the time of termination and were not provided with legally compliant WARN notice. Additionally, Defendants are deemed to reside in this district under 1391(c) because they are subject to personal jurisdiction.

5.      Intradistrict assignment: Assignment to the San Francisco/Oakland District is proper because Defendants employed and terminated members of the Plaintiff Class in San Francisco and Alameda Counties.

## PARTIES

6.      Plaintiff THERESA ORTEGA is a resident of  San Bernardino County and worked at Defendants' Redlands, California offices. Defendants terminated Plaintiff THERESA ORTEGA on August 10, 2023.  Plaintiff GABRIELA ROCHA is also a resident of San Bernardino County and similarly worked at Defendants' offices in Redlands, California.  She, too, was terminated by Defendants on August 10, 2023.

7.      Plaintiffs are informed, believe, and allege that Defendants conducted substantial and continuous business in California at all relevant times. Defendant UNITEDHEALTH GROUP, INC. is the parent company to OPTUM SERVICES, INC. and OPTUM CARE, INC. It is a Delaware corporation with its principal place of business in Minnesota. At all relevant times, Defendant UNITEDHEALTH GROUP, INC. was an employer subject to the WARN Act because it employs well over 100 employees, excluding part-time workers with less than six months of employment.

8.      Defendant OPTUM SERVICES, INC. is a wholly-owned subsidiary of Defendant

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL

UNITEDHEALTH GROUP, INC.  It is a Delaware Corporation with its principal place of business in Minnesota. It is the entity appearing on Plaintiffs' wage statements as their employer. Defendant OPTUM CARE, INC. is also a wholly owned subsidiary of Defendant UNITEDHEALTH GROUP, INC., and a Delaware Corporation with its principal place of business in Minnesota. It is the entity listed on the severance pay plan offered to Plaintiffs and members of the Plaintiff Class after their termination by Defendants.

9.     Joint Employer/Single Employer Allegations. Defendants, each of them, are joint employers of Plaintiffs and the Plaintiff Class. Defendant UNITEDHEALTH GROUP, INC. planned and executed the mass layoffs involving Plaintiffs and the Plaintiff Class, which impacted its workforce and that of its OPTUM subsidiaries, including OPTUM SERVICES, INC. and OPTUM CARE, INC.  Plaintiffs are informed and believe thereon alleges that it was the leadership at Defendant UNITEDHEALTH GROUP, INC. which decided not to provide WARN Act notice to Plaintiffs and the Plaintiff Class.  UNITEDHEALTH GROUP, INC. also created and implemented many employment policies applicable to Plaintiffs' employment and that of the Plaintiff Class, including but not limited to the policies contained in Plaintiffs' and members of the Plaintiff Class's employee handbooks. Indeed, the employee handbooks include UNITEDHEALTH GROUP, INC's branding throughout.

10.     OPTUM SERVICES, INC. is listed as the employer on Plaintiffs' and many of the Plaintiff Class members' wage statements. Plaintiffs are informed, believe, and thereon allege that OPTUM SERVICES, INC. handles administrative and personnel functions on behalf of UNITEDHEALTH GROUP, INC.'s companies, which include payroll and scheduling as well as leave requests, among other administrative and personnel functions.

11.     Plaintiffs are informed, believe, and thereon allege that OPTUM CARE, INC. is the entity that administers the benefits provided to Plaintiffs and members of the Plaintiff Class, including health care benefits and the severance pay program (e.g., the "OptumCare Severance Pay Program") as well as the Separation Agreement and Release offered to Plaintiffs and members of the Plaintiff Class when terminated.  It was also the entity tasked with explaining the impact of the terminations resulting from the mass layoffs to Plaintiffs and the Plaintiff Class, which it did

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL

by creating various documents for Plaintiffs and the Plaintiff Class to review and by serving as a point of contact for questions from affected employees.

12.   Besides being a joint employer, Defendants constitute a "single employer" for purposes of the WARN Act because they constitute an integrated enterprise. Courts consider the following factors when determining whether an integrated enterprise exists: (1) interrelation of operations, (2) joint management, (3) common control of labor relations, and (4) common ownership or financial control.

13.   Defendants operate a single, integrated enterprise by, among other things, jointly determining the composition and structure of the workforce, jointly orienting and training the workforce, and jointly developing policies for layoffs and severance agreements. Defendants: (1) share corporate officers, with some corporate officers explicitly listed as officers for UNITEDHEALTH GROUP, INC. and OPTUM concurrently; (2) have common members who comprise the board of directors of each Defendant entity; (3) operate out of the same buildings and other facilities, including having the same principal place of business; (4) utilize common bank accounts and other financial assets; (5) direct and control the strategic direction of each of the companies; (6) share lower-level employees in addition to corporate officers; (7) develop and implement the employment policies applicable to each of the Defendant entities; and (8) jointly planned, implemented, and effectuated the layoffs affecting Plaintiffs and the Plaintiff Class which are at issue in this lawsuit. Defendants often boast that there is "one Optum," which refers to the fact that only one company controls Defendants' operations and that the predecessor companies acquired by Defendants no longer exist as distinct entities or divisions.

14.   The facts above also establish that Defendants operate a joint venture because they (1) have a joint interest in a common business, (2) have an agreement that profits will be shared, and (3) have a right to joint control.

15.   The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants named as Does 1 through 10, inclusive, are unknown to Plaintiffs at this time, and therefore, fictitious names sue the Doe Defendants. Plaintiffs will seek leave to amend this Complaint to insert the true names and capacities of the Doe Defendants when the

name(s) becomes known to Plaintiffs. Plaintiffs allege, on information and belief, that each of the fictitiously named Defendants is responsible for the alleged wrongful acts and, therefore, liable to Plaintiffs and the Plaintiff Class.

16.     Plaintiffs allege on information and belief that at all relevant times, Defendants, and each of them, were the agents, employees, joint employers, alter ego or joint venturers of the other Defendants, and each of them, and in doing the things alleged, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, or joint venture and with the permission and consent of each of the other Defendants.

17.     Whenever and wherever reference is made in this Complaint to any act or failure to act by a Defendant or co-Defendant, such allegations and references shall also be deemed to mean the acts or failures to act by each defendant functioning individually, jointly and severally. Each of the fictitiously named Doe Defendants is responsible in some manner for the occurrences alleged and proximately caused Plaintiffs' damages and damages of members of the Plaintiff Class.

## CLASS ACTION ALLEGATIONS

18.     Plaintiffs bring this action on behalf of themselves and all others similarly situated as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3). The class that Plaintiff seeks to represent ("Plaintiff Class") is composed of and defined as follows:

> **All persons employed by Defendants and terminated without cause by Defendants in August 2023 who were not provided with 60-day notice or 60-days of wages in lieu of notice.**

19.     Within the Plaintiff Class, there are two subclasses:

> **CALIFORNIA WARN CLASS: All persons employed in California by Defendants and terminated without cause by Defendants in August 2023 who were not provided with 60-days' notice or 60-days of wages in lieu of notice.**

**FEDERAL WARN CLASS:** **All persons employed outside of California by Defendants and terminated without cause by Defendants in August 2023 who were not provided with 60-days' notice or 60-days of wages in lieu of notice.**

20.   Numerosity and Ascertainability: Members of the Plaintiff Class, California WARN Class, and Federal WARN Class are so numerous that joinder of all members would be unfeasible and impracticable. The membership of the entire class and each subclass is greater than 100 individuals. Still, the identity of such membership is readily ascertainable via inspection of the personnel records and other documents maintained by Defendants.

21.   Commonality: There are common questions of law and fact as to members of the Plaintiff Class, California WARN Class, and Federal WARN Class, which predominate over questions affecting only individual members, including, without limitation:

(a) whether the members of the WARN Class were employees of Defendants;

(b) whether Defendants unlawfully terminated the employment of the members of the Plaintiff Class, including the California WARN Class and Federal WARN Class, without cause on their part and without giving them 60-days advance written notice in violation of the WARN Acts;

(c) whether Defendants unlawfully failed to pay the Plaintiff Class, including the California WARN Class and Federal WARN Class, 60-days wages and benefits as required by the WARN Act; and

(d) whether Defendants are liable as a single employer to the Plaintiff Class, California WARN Class, and Federal WARN Class.

22.   Typicality: Plaintiffs' claims are typical of the claims of each Plaintiff Class member in that all claims result from Defendants' uniform application of unlawful employment practices, as alleged herein. Moreover, Plaintiffs' claims are typical of the claims of each Plaintiff Class member because each has sustained damages arising out of, and caused by, Defendants' common course of unlawful conduct, as alleged herein. As such, Plaintiffs have the same interest in this matter as all members of the Plaintiff Class, including the California WARN Class and

1    Federal WARN Class, and have no interests antagonistic to those of other Plaintiff Class

2    members.

3        23.    Superiority: This action is brought as a class action because this method is superior

4    for the fair and efficient adjudication of the controversy. The amount of damages suffered by

5    individual Plaintiff Class members, while not inconsequential, makes individual actions

6    impracticable given the expenses and burdens associated with seeking individual relief, as each

7    individual Plaintiff Class member may lack the resources to undergo the burden and expense of

8    individual prosecution of the complex and extensive litigation necessary to establish Defendants'

9    liability. A class action is the only practicable method by which Plaintiffs and Plaintiff Class

10   members can achieve redress from Defendants and prevent Defendants from unjustly benefiting

11   from their common course of unlawful conduct, as alleged herein. The prosecution of individual

12   actions would present a risk of inconsistent judgments, even though each Plaintiff Class member

13   has an effectively identical claim of right against Defendants. Inconsistent judgments could be

14   dispositive to the interests of other Plaintiff Class members who are not parties to the individual

15   adjudication and/or may substantially impede their ability to protect their interests adequately. If

16   separate actions were brought by individual Plaintiff Class members or are required to be brought,

17   the resulting multiplicity of lawsuits would cause undue hardship and burden on the parties and

18   the judicial system. In contrast, the class action device presents far fewer management difficulties.

19   It provides the benefits of single adjudication, economy of scale, and comprehensive supervision

20   by a single court on the issue of Defendants' liability. Class treatment of the liability issues will

21   ensure that all claims and claimants are before this Court for consistent adjudication of the liability

22   issues.

23       24.    Adequacy: Plaintiffs are adequate representatives of the proposed Plaintiff Class,

24   including the California WARN Class and Federal WARN Class. Plaintiffs' claims are typical of

25   the Plaintiff Class, including the California WARN Class and Federal WARN Class. Plaintiffs and

26   members of Plaintiff Class, including the California WARN Class and Federal WARN Class, have

27   no unique claims, have no conflicts of interest, and share the same interests in the litigation of this

28   matter. Plaintiffs have retained competent counsel experienced in employment law and the

-8-
COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL

prosecution of complex class actions and is committed to the vigorous prosecution of this action. Further, Plaintiffs' counsel has the ability and willingness to devote significant resources to prosecuting this matter. Accordingly, Plaintiffs are adequate representatives and will fairly and adequately protect the interests of the Plaintiff Class, including the California WARN Class and Federal WARN Class, with the help of experienced and knowledgeable retained counsel.

## FACTS COMMON TO ALL CAUSES OF ACTION

25.     The Worker Adjustment and Retraining Notification Act ("WARN Act") is a federal and state law requiring certain employers to provide advance notice to employees and government authorities in case of a plant closure or mass layoff. The purpose of the notice is to provide affected employees sufficient time to seek alternative employment or job training.

26.     Plaintiffs and members of the Plaintiff Class are former employees of Defendants who worked at Defendants' California locations. Plaintiff THERESA ORTEGA was hired in April 2023 by Defendants as an administrative assistant to the Facilities Director. Plaintiff GABRIELA ROCHA was hired in April 2023 as a Registration Clerk. Defendants illegally laid off both Plaintiffs.

27.     On or around August 2023, Defendant, as part of a broader strategy to "maintain and grow competitiveness," enacted a widespread layoff that impacted approximately 700 hundred employees in California and over 1,000 nationally, including Plaintiffs. TERESA ORTEGA and GABRIELA ROCHA were notified on August 10, 2023 that they were being laid off effective August 24, 2023. Defendants did not provide the proper 60-days' notice or payment in lieu of notice as required to institute a mass layoff of the workforce under California and federal law.

28.     Defendants were aware of this, so to avoid liability under the WARN Act, Defendants sought to silence employees' ability to assert their rights by providing all the laid-off employees with severance pay agreements that included a general release clause. Defendants hoped that employees would accept the severance pay agreement, which in the case of many members of the Plaintiff Class and Plaintiffs would pay them less than the 60-days of wages required under the federal and state WARN statutes, and thus waive their right to sue for the violations of the WARN Act. In fact, out of desperation, some members of Plaintiff Class signed

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL

the release without realizing that they were waiving their rights to more money by law than what was offered in severance. Many of the employees in the Plaintiff Class, including Plaintiffs, are middle and lower-middle-class workers with families and bills to pay. Defendants believed that by providing severance pay for less than the pay required by the state and federal WARN acts, they could avoid liability for their blatant violations of the law.

29.     Defendants' actions give rise to myriad other derivative claims, such as inaccurate wage statements, failure to pay all wages by the appropriate pay period, and waiting time penalties.

30.     Members of the Plaintiff Class have suffered injury, including monetary damages, as a result of Defendants' acts and omissions alleged above.

## FIRST CAUSE OF ACTION

### (Federal WARN Act)

### (29 U.S.C. 2104(a)(5)

### (Against All Defendants on behalf of Plaintiffs and the Plaintiff Class)

31.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs as though fully stated here.

32.     At all relevant times, Defendants employed more than 100 full-time employees who, in the aggregate, worked at least 4,000 hours per week, exclusive of overtime hours, within the United States.

33.     At all relevant times, Defendants were an employer, as that term is defined in 29 U.S.C. 2101 (a)(1) and 20 C.F.R. § 639(a).

34.     At all relevant times, Plaintiffs and the Plaintiff Class members were Defendants' employees as 29 U.S.C.§2101 defines that term.

35.     Defendants ordered mass layoffs, as that term is defined by 29 U.S.C. 2101(a)(2).

36.     The mass layoffs resulted in employment losses, as that term is defined by 29 U.S.C.§2101(a)(2) for at least fifty of Defendants' employees and Defendants terminated Plaintiffs and members of the Plaintiff Class without cause as part of the mass layoffs.

37.     Plaintiffs and members of the Plaintiff Class are affected employees of Defendants,

1  within the meaning of 29 U.S.C. 2101(a)( 5).

2      38.     Defendants were required by the WARN Act to give Plaintiffs and members of the

3  Plaintiff Class at least 60-days advance written notice of their terminations or provide payment

4  equivalent to 60-days in lieu of warning. Defendants did neither.

5      39.     Instead, Defendants sent out severance agreements that included releases to avoid

6  following the law without informing Plaintiffs and members of the Plaintiff Class of their WARN

7  rights to 60-day notice or pay in lieu notice.

8      40.     In other words, Defendants deliberately and expressly violated the WARN Act.

9  Plaintiffs and members of the Plaintiff Class are aggrieved employees of Defendants as defined in

10 29 U.S.C. 2104(a)(7). As a result of Defendants' violation of the WARN Act, Plaintiffs and

11 members of the Plaintiff Class are entitled to damages to be proven at trial, statutory WARN Act

12 penalties, and pre-and post-judgment interest, costs, and attorneys fees as authorized by statute.

13                    **SECOND CAUSE OF ACTION**

14                      **(California WARN Act)**

15                   **(CA Labor Code §§ 1400-1408)**

16  **(Against All Defendants on behalf of Plaintiffs and the California WARN Class )**

17     41.     Plaintiffs reallege and incorporate by reference the allegations contained in the

18 previous paragraphs as though fully stated here.

19     42.     As stated above, at least 50 of Defendants' employees were laid off at California

20 offices, including Plaintiffs, within the relevant time frame.

21     43.     Given the number of employees laid off in California, the California WARN Act,

22 Cal. Labor Code 1400 et seq., required Defendants to provide Plaintiffs and members of the

23 California WARN Class with 60 days' notice before it could terminate them or provide payment

24 equivalent to 60-days pay in lieu of notice.

25     44.     As described above, Defendants failed to do either as required under the California

26 WARN Act.

27     45.     Defendants deliberately and expressly violated the California and Federal WARN

28 Act.

46.     As a result of Defendants' violation of the California WARN Act, Plaintiffs, and California WARN Class are entitled to damages to be proven at trial, statutory WARN Act penalties, and pre-and post-judgment interest, costs, and attorneys' fees as authorized by statute.

### THIRD CAUSE OF ACTION

**(Violation of Labor Code Section 206)**

**(CA Labor Code § 206)**

**(Against All Defendants on behalf of Plaintiffs and the California WARN Class)**

47.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs as though fully stated here.

48.     California Labor Code Section 206 states, "In case of a dispute over wages, the employer shall pay, without condition and within the time set by this article, all wages, or parts thereof, conceded by him to be due, leaving to the employee all remedies he might otherwise be entitled to as to any balance claimed."

49.     Defendants failed to pay Plaintiffs and members of the California WARN Class the wages due to them by law under the California WARN Act.  Given these amounts required by the WARN Acts were undisputed, Defendants' solicitation of releases for amounts less than required by the federal and state WARN Acts violates section 206's prohibition of setting conditions for the payment of undisputed amounts.

50.     Defendants' failure to pay Plaintiffs and members of the California WARN Class wages, which by law were undisputed, violates California Labor Code Section 206.

51.     As a direct result of Defendants' violations of California Labor Code Section 206, Plaintiffs and members of the California WARN Class have suffered economic harm, including but not limited to financial hardships, late fees, and related financial losses.

52.     Defendants' violation of Section 206 entitles Plaintiffs and members of the California WARN Class to all unpaid wages. Plaintiffs and members of the California WARN Class are also entitled to their reasonable attorneys' fees, costs, applicable penalties, and interest on any unpaid amounts.

///

**FOURTH CAUSE OF ACTION**

**(Violation of Labor Code Section 206.5)**

**(CA Labor Code § 206.5)**

**(Against All Defendants on behalf of Plaintiffs and the California WARN Class)**

53.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs as though fully stated here.

54.     California Labor Code Section 206.5 prohibits employers from requiring employees to execute a release concerning the payment of wages indisputably owed.

55.     As a condition of receiving severance pay, Defendants required Plaintiffs and the members of the California WARN Class to sign severance agreements that contained a general release. However, as established above, the WARN Act entitled Plaintiffs and members of the California WARN Class to 60-days notice or pay in lieu of notice. Defendants did not provide notice or pay in lieu of notice and conditioned receipt of undisputed wages owed to Plaintiffs and California WARN Class members on the signing of a release.

56.     Therefore, Defendants' actions requiring Plaintiffs to sign statements or documents that would waive their valid WARN Act claims and right to WARN Act pay constitute a violation of California Labor Code Section 206.5.

57.     Defendants' violation of Section 206.5 entitles Plaintiffs and members of the California WARN Class to all unpaid wages. Plaintiffs and members of the California WARN Class are also entitled to their reasonable attorneys' fees, costs, applicable penalties, and interest on any unpaid amounts.

**FIFTH CAUSE OF ACTION**

**(Violation of Labor Code § 203)**

**(Against All Defendants on behalf of Plaintiffs and the California WARN Class)**

58.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs as though fully stated here.

59.     California Labor Code Section 203 imposes penalties on employers who willfully fail to pay final wages to employees upon discharge or resignation within the period proscribed by

statute.

60.     Defendants' willful failure to provide Plaintiffs and members of the California WARN Class with all wages as required by the WARN Act constitutes a violation of this statutory provision.

61.     As a direct result of Defendants' willful violation of California Labor Code Section 203, Plaintiffs and members of the California WARN Class have suffered economic harm, including but not limited to unpaid wages and any associated financial losses.

62.     Under California Labor Code Section 203, Plaintiffs and members of the California WARN Class are entitled to recover penalties in the amount of one day's wages for each day the violation continues, up to a maximum of 30 days. Plaintiffs and members of the California WARN Class are also entitled to all unpaid wages, costs, reasonable attorneys' fees, and interest on all unpaid amounts.

**<u>SIXTH CAUSE OF ACTION</u>**

(**Failure to Provide Accurate Itemized Wage Statements**)

(**Cal. Labor Code § 226**)

(**Against ALL Defendants on behalf of Plaintiff and the Plaintiff Class**)

63.     Plaintiffs incorporate by reference every allegation in the preceding paragraphs.

64.     California Labor Code § 226 requires all employers to provide accurate itemized wage statements to each employee for wages earned during that pay period.

65.     Throughout the period for the classes, Plaintiffs and members of the Plaintiff Class were employees of Defendants.

66.     Defendants failed to provide Plaintiffs and the Plaintiff Class with accurate itemized wage statements as required by California law.  Defendants knowingly and intentionally misstated workers' applicable wage rates and total hours worked.

67.     Plaintiffs and class members suffered injury as a result of Defendants' failure to provide accurate and complete information as required by the Labor Code.

68.     Plaintiffs are informed and believe, and based thereon allege, that Defendants knowingly and intentionally provided inaccurate payroll records in order to conceal their unlawful

payment practices.

69.     As a result of Defendants' improper practices, Plaintiffs and the Plaintiff Class members are entitled to recover the greater of all actual damages or the statutory penalties under the California Labor Code, as well as costs and reasonable attorney fees.

**SEVENTH CAUSE OF ACTION**

(**Declaratory Relief**)

(**28 U.S.C. §§ 2201-02**)

**(Against ALL Defendants on behalf of Plaintiff and the Plaintiff Class)**

70.     Plaintiffs incorporate by reference every allegation in the preceding paragraphs.

71.     Plaintiffs have asserted a claim against Defendants seeking payment of all wages and monies owed. Plaintiff asserts that Defendants should be prohibited from circumventing the requirements of the federal and California WARN Act and its obligations under the contracts and promises described herein. Plaintiffs seek a declaratory judgment and an injunction prohibiting Defendants from soliciting employees to sign separation agreements that release their claims asserted herein (including for violations of the Business and Professions Code sec. 17200 and the federal and California WARN Acts) without first informing them of their rights under these statutes and common law doctrines, the pendency of this case filed on their behalf, and the Plaintiff's counsel's contact information.

**EIGHTH CAUSE OF ACTION**

(**Unfair Business Practices**)

(**Cal. Bus. & Prof. Code § 17200, et seq.**)

**(Against ALL Defendants on behalf of  Plaintiffs and the California WARN Class)**

72.     Plaintiffs reallege and incorporate by reference the allegations contained in the previous paragraphs as though fully stated here.

73.     Business and Professions Code Section 17200, et seq. (the Unfair Competition Law or UCL) prohibits any unlawful, unfair, or fraudulent business act or practice, any unfair, deceptive, untrue, or misleading advertising, and any violation of Business and Professions Code Section 17500 et seq.

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL

74.    Defendants violated the UCL by engaging in unlawful, unfair, and fraudulent business acts or practices, including but not limited to: (a) failing to comply with WARN Act requirements of 60 days' notice before a mass layoff; (b) failing to provide Plaintiffs with 60-day pay in lieu of notice as required by the WARN Act; and (c) utilizing severance agreements as a means of avoiding liability under the WARN Act by requiring employees to waive their rights to receive lower payments then they would have been entitled to under the law. These are all unlawful or unfair business practices within the definition of the statute.

75.    Due to Defendants' willful violation of Business and Professions Code Section 17200, Plaintiffs and members of the California WARN Class have suffered economic harm, including but not limited to unpaid wages and any associated financial losses. Plaintiffs seek restitution of all wages illegally withheld for themselves and members of the California WARN Class.

76.    Plaintiffs seek preliminary and permanent injunctive relief to void any releases entered into by members of the Plaintiff Class purporting to waive their rights to 60-days of wages as required by the state and federal WARN Acts and for corrective notice to be issued.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs  pray for relief against Defendants as follows:

1.      Certification of causes of action 1-5 and 7 as a class action;

2.      Payment of all wages and benefits owed;

3.      Restitution of all monies illegally withheld;

4.      All statutory and civil penalties recoverable by law;

5.      Preliminary and Permanent Injunctive relief to void any releases entered into and corrective notices to be sent to members of the Plaintiff Class;

5.      For reasonable attorney's fees and costs under all applicable law; and

6.      Declaratory relief that WARN Act notice was required and releases are void.


DATED: October 30, 2023                    ALEXANDER MORRISON + FEHR LLP


By: *Michael S. Morrison*
                Michael Morrison
                Jacqueline Gil
                Attorneys for Plaintiffs TERRY ORTEGA
                and GABRIELA ROCHA

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEMAND FOR JURY TRIAL**

Plaintiffs and the Plaintiff Class demand a jury trial on all issues so triable.

DATED: October 30, 2023                    ALEXANDER MORRISON + FEHR LLP


By: *Michael S. Morrison*
    Michael Morrison
    Jacqueline Gil
    Attorneys for Plaintiffs TERRY ORTEGA
    and GABRIELA ROCHA

COMPLAINT FOR DAMAGES AND OTHER RELIEF; DEMAND FOR JURY TRIAL