**ALEXANDER MORRISON + FEHR LLP**
Michael S. Morrison (State Bar No. 205320)
Jacqueline Gil (State Bar No. 324482)
1900 Avenue of the Stars, Suite 900
Los Angeles, CA 90067
T: (310) 394-0888
E: mmorrison@amfllp.com | jgil@amfllp.com

Attorneys for Plaintiffs TERRY ORTEGA and GABRIELA ROCHA, individually and on behalf of all others similarly situated

**HOGAN LOVELLS US LLP**
Tao Y. Leung (State Bar No. 254265)
Michelle Roberts Gonzales (State Bar No. 292075)
Laura Penaranda (State Bar No. 347391)
1999 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
T: (310) 785-4600
F: (310) 785-4601

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA ORTEGA, an individual, GABRIELA ROCHA, an individual, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>UNITEDHEALTH GROUP, INC., a Corporation; OPTUM SERVICES, INC., a Corporation; OPTUM CARE, INC., a Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 3:23-cv-05596 KAW<br><br>Filed: October 1, 2023<br><br>**JOINT REQUEST FOR APPROVAL OF PAGA DISMISSAL UNDER LABOR CODE §2699(f)(2)**<br><br>*[Filed concurrently with Declaration of Michael Morrison and Proposed Order]*<br><br>Trial date: none |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.      Summary.**

Plaintiffs THERESA ORTEGA and GABRIELA ROCHA (collectively "Plaintiffs"), and Defendants UNITEDHEALTH GROUP, INC., OPTUM SERVICES HEALTH, INC., OPTUM CARE, INC., and DOES 1-10 (Collectively "Defendants"), by and through their respective counsel, respectfully request that the Court approve the dismissal of Plaintiffs' Private Attorneys General Act (PAGA) claim filed pursuant to California Labor Code Section 2699, subdivision (f)(2), based on a settlement reached.

**II.     Procedural History.**

On October 1, 2023, on behalf of Ortega and Rocha and all other aggrieved employees similarly situated, and on behalf of the general public, Plaintiffs filed a civil complaint in this matter alleging that Defendants: (1) failed to pay required wages required under the Federal WARN Act; (2) failed to pay required wages required under the California WARN Act; (3) violation of Labor Code Section 206; (4) violation of Labor Code Section 206.5; (5) failure to pay all wages due at the time of resignation and termination; (6) failure to provide accurate itemized wage statements; (7) declaratory relief; (8) unfair business practices.

On October 30, 2023, Plaintiffs submitted correspondence ("Notice") to the Labor and Workforce Development Agency ("LWDA") describing Plaintiffs' allegations under the Private Attorneys General Act of 2004 (Cal. Lab. Code section 2698, *et seq*.) and providing notice to Defendants of Plaintiffs' PAGA claims and intent to seek civil penalties.

On February 1, 2024, after Court approval, Plaintiffs filed a First Amended Complaint including their PAGA claims.

Thereafter, Defendants moved to compel individual arbitration of Plaintiffs' claims pursuant to their respective arbitration agreements with Defendants. On October 15, 2024, the Court granted Defendants' motion, ordering Plaintiffs' individual claims to arbitration, dismissing the class claims, and staying the remaining proceedings pending completion of the arbitration. (ECF 44)

///

### III. Resolution Is Fair and Reasonable.

The Parties have now reached settlement agreements that fully address the alleged violations. (Morrison Decl. Exh. 1-2.) Based on facts discovered after filing, Plaintiffs' counsel is of the opinion that the recovery of civil penalties would be difficult in this action. In particular, it does not appear that Plaintiffs have cognizable claims under the Federal WARN Act or the Cal-WARN Act . Cal. Lab. Code § 1400.5(h); 20 C.F.R. 639.3(h). Plaintiffs' counsel has reviewed documentation showing that there was an insufficient number of employees terminated at any a "single site" or "covered establishment" where Plaintiffs worked to trigger WARN Act or Cal-WARN Act requirements. *See* Cal. Lab. Code § 1400.5(f); 20 C.F.R. 639.3(c). Further, Ortega and Rocha lack standing to assert these claims even if a sufficient number of employees were terminated because they worked fewer months than required to trigger the notice requirements of the WARN Act and Cal-WARN Act. (Morrison Decl. ¶ 4) Moreover, Plaintiffs' other claims would require proof of unpaid wages, but the WARN Act and Cal-WARN Act are notice statutes. *See* 29 U.S.C. § 2101; Cal. Lab. Code § 1402. And PAGA specifically excludes penalties for notice violations except in specific instances not applicable here. *See* Lab. Code, § 2699(g)(2) ("No action shall be brought under [PAGA] for any violation of a posting, notice, agency reporting, or filing requirement of [the Labor Code], except where the filing or reporting requirement involves mandatory payroll or workplace injury reporting.") In short, Plaintiffs will not be able to demonstrate that they are "aggrieved employees" under PAGA. Cal. Lab. Code § 2699(a).

Under California Labor Code Section 2699, subdivision (f)(2), the Court may dismiss a PAGA claim upon a settlement agreement that is fair and reasonable, considering the nature of the alleged violations and the interests of all affected employees.

///
///
///
///
///

-3-
JOINT REQUEST FOR APPROVAL OF PAGA DISMISSAL UNDER LABOR CODE §2699(f)(2)

## IV. Conclusion.

Based on the foregoing, the Parties believe that the terms of the settlement agreement fully comply with the requirements of Section 2699(f)(2) and provide a just resolution to this matter.

The Parties respectfully request that the Court enter an order approving the dismissal of the PAGA claim in this case, subject to the terms of the settlement agreement attached.

Dated:  June 12, 2025

Respectfully submitted,

**ALEXANDER MORRISON + FEHR LLP**

By:  *Michael S. Morrison*
Michael S. Morrison
Jacqueline Gil

Attorneys for Plaintiffs

Dated:  June 12, 2025

**HOGAN LOVELLS US LLP**

By:  *Michelle Roberts Gonzalez*
Tao Y. Leung, Esq. (SBN 254265)
Michelle Roberts Gonzales, Esq. (SBN 292075)
Ronnie Arenas, Esq. (SBN 309674)

Attorneys for Defendants

**LOCAL RULE 5-1(i)(3) ATTESTATION**

Pursuant to Local Rule 5-1(i)(3), I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated:                                               **ALEXANDER MORRISON + FEHR LLP**

By: *s/ Michael S. Morrison*
Michael S. Morrison
Jacqueline Gil

Attorneys for Plaintiffs and the Plaintiff Class

# CERTIFICATE OF SERVICE

I, Michael S. Morrison, an employee in the City of Los Angeles, certify that on June 12, 2025, caused a true and correct copies of the foregoing be filed with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following counsel who has registered for receipt of documents filed in this matter:

1. **JOINT REQUEST FOR APPROVAL OF PAGA DISMISSAL UNDER LABOR CODE §2699(f)(2);**

2. **DECLARATION OF MICHAEL MORRISON IN SUPPORT OF JOINT REQUEST FOR APPROVAL OF PAGA DISMISSAL UNDER LABOR CODE §2699(f)(2)**

---

<u>COUNSEL FOR DEFENDANTS</u>:
*UNITEDHEALTH GROUP, et al.*
Tao Leung, Esq.
Michelle Roberts Gonzales, Esq.
Laura Penaranda, Esq.
Hogan Lovells US LLP
1999 Avenue of the Stars
Suite 1400
Los Angeles, CA 90067
T:    310.785.4600
F:    310.785.4601
E:    tao.leung@hoganlovells.com
E:    michelle.roberts.gonzales@hoganlovells.com
E:    laura.penaranda@hoganlovells.com

---

Dated: June 12, 2025        ALEXANDER MORRISON + FEHR LLP

By:    s/ *Michael S. Morrison*
       MICHAEL S. MORRISON
       JAQUELINE GIL
       1900 Avenue of the Stars, Suite 900
       Los Angeles, California 90067
       Attorneys for Plaintiffs,
       TERRY ORTEGA and GABRIELA ROCHA, individually and on behalf of all others similarly situated