UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

THERESA ORTEGA, et al.,

Plaintiffs,

v.

UNITEDHEALTH GROUP, INC., et al.,

Defendants.

Case No. 23-cv-05596-JST

**ORDER APPROVING DISMISSAL OF ACTION**

Re: ECF No. 48

Before the Court is the parties' joint request for approval of Plaintiffs' voluntary dismissal of their Private Attorneys General Act ("PAGA") claim, under California Labor Code Section 2699, based on a settlement reached by the parties. ECF No. 48.

Court approval is required for the settlement of a PAGA claim. Cal. Lab. Code § 2699(s)(2). *See Kulik v. NMCI Med. Clinic Inc.*, No. 21-CV-03495-BLF, 2023 WL 2503539, at *3 (N.D. Cal. Mar. 13, 2023). However, "[w]hile PAGA requires a trial court to approve a PAGA settlement, district courts have noted there is no governing standard to review PAGA settlements." *Id.* (quoting *Hudson v. Libre Tech. Inc.*, No. 3:18-CV-1371-GPC-KSC, 2020 WL 2467060, at *8 (S.D. Cal. May 13, 2020)).

Here, the parties have indicated that the settlement "does not bind the state of California with respect to claims asserted under [PAGA] or release the claims of other alleged aggrieved employees." ECF No. 48 at 2. Instead, Plaintiffs Theresa Ortega and Gabriela Rocha seek only to dismiss their individual claims with prejudice because they "likely lack standing to obtain civil penalties under the PAGA," as they do not qualify as "aggrieved employees" as required under PAGA. *Id.* at 2–4 (citing Cal. Labor Code §§ 2699(a), 2699(g)(2)).

Accordingly, the Court finds that the structure of the settlement—where Defendants waive

any entitlement to costs or fees and release any claims they may have against Plaintiffs in exchange for Plaintiffs releasing only their individual claims (without effect on the State of California or other alleged aggrieved employees)—under PAGA appears fair and reasonable. *See Sandoval v. Brigantine, Inc.*, No. 20-CV-189 JLS (MSB), 2020 WL 6504914, at *2 (S.D. Cal. Nov. 5, 2020) (finding it unnecessary or appropriate "to engage in a detailed analysis of the fairness and reasonableness of the settlement terms, or the appropriateness of the attorneys' fees" where the settlement relates only to the claims of individuals).

**IT IS SO ORDERED.**

Dated:  July 10, 2025



_____
JON S. TIGAR
United States District Judge